Filing # 190980830 E-Filed 01/31/2024 05:09:05 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN
AND FOR WAKULLA COUNTY,
FLORIDA

BROOKE WILLIS,

     Plaintiff,                   CASE NO.:

v.

CAPITAL VISION SERVICES, LLC
d/b/a MYEYEDOCTOR

     Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, **BROOKE WILLIS** ("Plaintiff"), by and through undersigned counsel and sues Defendant**, CAPITAL VISION SERVICES, LLC d/b/a MYEYEDOCTOR** ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.    This is an action brought under the Florida Civil Rights Act of 1992, Florida Statute § 760.10.

2.    This is an action for damages that exceed $50,000.00, the minimum jurisdictional limits of this court, exclusive of interest and costs, and Plaintiff demands a trial by jury; accordingly, although in

**EXHIBIT A**

filing this Complaint Plaintiff's counsel was required to and did file a Civil Cover Sheet stating an "Amount of Claim" figure, that figure is for data collection and clerical processing purposes only, and the amount of damages in this action will be decided by the jury in compliance with Article I, Section 21, Florida Constitution.

## CONDITIONS PRECEDENT

3.     Plaintiff has satisfied all conditions precedent to bringing this action in that she timely dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). Ms. Willis filed her Charge of Discrimination on January 12, 2023; more than 180 days have passed.

## THE PARTIES

4.     At all times pertinent hereto, Plaintiff, BROOKE WILLIS, has been a resident of the State of Florida, and was employed by Defendant. Plaintiff was a member of a protected class due to her pregnancy status during her employment with Defendant.

5.     At all times pertinent hereto, Defendant, CAPITAL VISION SERVICES, LLC d/b/a MYEYEDOCTOR, has been organized under

the Laws of Florida, and has been an "employer" as that term is used under the applicable laws identified above.

## STATEMENT OF THE ULTIMATE FACTS

6.     Plaintiff, Brooke Willis, began working for Defendant in November 2021.

7.     During her employment, Plaintiff became pregnant.

8.     Plaintiff's pregnancy was high risk and required that Plaintiff attend doctor's appointments with specialists and other accommodations related to her pregnancy.

9.     Before she announced her pregnancy, Plaintiff was treated favorably by staff and her manager.

10.    After announcing her pregnancy, Plaintiff began to experience differential treatment.

11.    Specifically, Plaintiff was ostracized by staff and was isolated by her manager and other employees.

12.    Plaintiff was not included in office functions.

13.    After disclosing her pregnancy, Plaintiff received several counseling's and write ups directly related to doctor's appointments she attended for her pregnancy despite providing doctor's notes for those appointments.

14.   Other employees were permitted to leave work for non-medical appointments without issue.

15.   Further, Plaintiff was chastised by her manager for being on the phone in the hallway with her doctor.

16.   Defendant's other employees were permitted to use their phones for personal calls or texts without issue.

17.   Plaintiff was also forced to miss medical appointments by her manager, Macey.

18.   Ultimately, Macey required that Plaintiff miss a medical appointment so that she could terminate her.

19.   She was told by Macey that she was being terminated because she had too many medical appointments, all of which were related to her pregnancy.

20.   Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a reasonable fee and costs for their services.  Defendant should be made to pay said fee and all costs associated with this action under the laws applicable to this case.

**COUNT I**
**FLORIDA CIVIL RIGHTS ACT**
**SEX (PREGNANCY) DISCRIMINATION**

21.   Paragraphs 1-20 are re-alleged and incorporated herein by reference.

22.   This is an action against Defendant for pregnancy discrimination brought under Chapter 760, Florida Statutes.

23.   Plaintiff was the victim of discrimination on the basis of her pregnancy status during her employment with Defendant.

24.   Defendant is liable for this discrimination, which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

25.   Defendant is liable to Plaintiff for lost wages, compensatory damages, punitive damages, and attorney's fees.

## COUNT II
## DISABILITY (PREGNANCY) DISCRIMINATION

26.   Paragraphs 1-20 are re-alleged and incorporated herein by reference.

27.   This is an action against Defendant for disability

discrimination brought under Chapter 760, Florida Statutes.

28.   Plaintiff has been the victim of discrimination on the basis of her disability, her high risk pregnancy.

29.   Defendant is liable for this discrimination and its refusal to accommodate the Plaintiff which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)   that process issue and this Court take jurisdiction over this case;

(b)   that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)   that this Court enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for

Defendant's violations of law enumerated herein;

(d)    that this Court enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)    that this Court enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)    that this Court grant such other further relief as being just and proper under the circumstance.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 31st day of January, 2024.

Respectfully submitted,

*/s/ Tiffany R. Cruz, Esq.*
Tiffany R. Cruz
Florida Bar No.: 090986
Tiffany@tiffanycruzlaw.com
Kevin C. Kostelnik
Florida Bar No.: 0118763
Kevin@tiffanycruzlaw.com
Kera@tiffanycruzlaw.com
Parker@tiffanycruzlaw.com
**CRUZ LAW FIRM, P.A.**
411 N. Calhoun Street
Tallahassee, FL 32301
ATTORNEYS FOR PLAINTIFF